435 A.2d 630

**COMMONWEALTH ex rel. Deborah L. WRIGHT**

v.

**James S. LACY, Appellant.**

Superior Court of Pennsylvania.

Argued June 10, 1980.

Decided Sept. 25, 1981.

Pamela Pryor Cohen, Philadelphia, for appellant.

Michelle Goldfarb, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WATKINS and CIRILLO, JJ.*

BROSKY, Judge:

On June 19, 1979, appellant was adjudged the father of appellee's child. At that time, a hearing on support was continued until August of 1979. This appeal was filed before the support matter was heard, and, the appellee argues, as the trial court held, that the appeal is interlocutory. The trial court reached its decision based upon the analysis presented in our decision in *Williams v. Williams*, 253 Pa.Super. 444, 385 A.2d 422 (1978).

The standard by which we determine whether an appeal from a decision of a trial court is appealable is clear. The jurisdiction of the Superior Court is limited to appeals from common pleas court final orders, excepting where a statute provides otherwise. *Williams*, supra.

Appellant asserts that an immediate appeal should be heard in the instant case because of decisions of the Supreme Court recognizing parental rights, notably, *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). In *Stanley*, supra, the United States Supreme Court held:

The State of Illinois assumes custody of the children of married parents, divorced parents, and unmarried mothers only after a hearing and proof of neglect. The children of unmarried fathers, however, are declared dependent children without a hearing on parental fitness and without proof of neglect. Stanley's claim in the state courts and here is that failure to afford him a hearing on his parental

---

* Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania is sitting by designation.

qualifications while extending it to other parents denied him equal protection of the laws. We have concluded that all Illinois parents are constitutionally entitled to a hearing on their fitness before their children are removed from their custody. It follows that denying such a hearing to Stanley and those like him while granting it to other Illinois parents is inescapably contrary to the Equal Protection Clause. [footnote omitted]

Thus, it is clear in *Stanley*, supra., that denying a putative father the right to assert his rights is unconstitutional under the analysis presented in *Stanley*, supra. Our problem is somewhat different though we believe essentially very similar. Here, we review the denial of an alleged father's right to appeal a determination of paternity incident to a support action, where no support order has issued, where the putative father denies paternity.

Previous decisions have held the jurisdiction in support actions is very strictly constrained. It is clear that we shall not resolve disputes presented in interlocutory appeals other than those which we are statutorily authorized to hear. However, it is no longer clear that there is no such statutory authorization in the instant case.

Appeals from support orders are statutorily authorized by 42 Pa.C.S.A. § 6774 which states:

(a) By Department of Public Welfare.—If the Department of Public Welfare is of the opinion that a support order is erroneous, or inadequate, or presents a question of law warranting an appeal in the public interest, it may:

(1) Perfect an appeal to the proper appellate court if the support order was issued by a court of this Commonwealth; or

(2) If the support order was issued in another state, cause the appeal to be taken in the other state.

In either case expenses of appeal taken by such department may be paid from funds appropriated to the Department of Public Welfare.

(b) By obligee.—In the event the Department of Public Welfare fails or refuses to file an appeal on behalf of the

obligee, such obligee may file such appeal as provided in subsection (a)(1) and (2).

(c) By obligor.—The obligor shall have the right to file an appeal to the proper appellate court if the support order was issued by a court of this Commonwealth, or may cause the appeal to be taken in the other state, if the support order was issued in another state.[1]

It is, however, also true that a trial court maintains ongoing jurisdiction in support cases, 42 Pa.C.S.A. § 6710,[2] and while that fact alone does not expand our jurisdiction, we hold it provides added strength to our position that one must accept jurisdiction.  § 6710 states:

The court making the order shall at all times maintain jurisdiction of the cause for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding such order, without limiting the right of a complainant to institute additional proceedings for support in any county wherein the defendant resides or where his property is situated.

The court, therefore, continues to hold jurisdiction over the support case for an indefinite period of time.  Obviously, we cannot hold that this continuous jurisdiction prevents any appeal.  Certainly, one line drawn at which an appeal is permitted is found in Section 6774.  We are not convinced, however, that Section 6774 provides the only means of appeal in a support action.

We have very recently discussed the rights of putative fathers in *In re Mengel*, 287 Pa.Super. 186 at 189–190, 429 A.2d 1162 at 1164–1165 (1981), who desired to assert his paternity by seeking a declaratory judgment, in which we said:

1. Act of July 9, 1976, P.L. 586, No. 142 § 2, eff. June 27, 1978; reenactment of Act of December 6, 1972 (No. 291) § 36 (62 P.S. § 2043–38).

2. Act of July 9, 1976, P.L. 586, No. 142, § 6710 added 1978, April 28, P.L. 202 No. 53 § 10(88), eff. June 27, 1978;  Reenactment of Act of July 13, 1953 (P.L. 431, No. 95), § 10 (62 P.S. § 2043–40).

The United States Supreme Court has held that an unwed father has a cognizable and substantial interest in obtaining custody of his children and that this interest is deserving of protection. *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). See: *State ex rel. Rothstein v. Lutheran Social Services* (Memorandum Opinion), 405 U.S. 1051, 92 S.Ct. 1488, 31 L.Ed.2d 786 (1972).

This court has recognized the rights of unwed fathers. In the case of *Commonwealth ex rel. Peterson v. Hayes*, 252 Pa.Super. 487, 381 A.2d 1311 (1977), we held that whether an unwed father should have visitation rights is to be decided by the same standard as is applied in the case of legitimate children.

We wrote:

In *Stanley v. Illinois*, 405 U.S. 645, 652, 92 S.Ct. 1208 [1213], 31 L.Ed.2d 551 (1972), it was held that the interest of a father in his illegitimate child was "cognizable and substantial." Id. [252 Pa.Super.] at 492, 381 A.2d at 1314. . . . It is only the father of an illegitimate child who has been relegated to a secondary position. To the extent that this secondary position depends on the traditional differentiation between the roles of a mother and a father it can no longer be accepted or enforced. Id., 252 Pa.Super. at 491, 381 A.2d at 1313.

In *Adoption of Walker*, 468 Pa. 165, 360 A.2d 603 (1976), our Supreme Court held that unwed fathers have the right to contest the adoption of their children.

Inheritance rights of unwed fathers are provided in Title 20 P.S. 2107 which provides:

(c) Child of father.—For purposes of descent by, from and through a person born out of wedlock, he shall be considered the child of his father when the identity of the father has been determined in any one of the following ways:

(1) If the parents of a child born out of wedlock shall have married each other.

(2) If during the lifetime of the child, the father openly holds out the child to be his and receives the child into his home, or openly holds the child out to be his and provides support for the child which shall be determined by clear and convincing evidence.

(3) If there is clear and convincing evidence that the man was the father of the child, which may include a prior court determination of paternity.

As amended 1978, Nov. 26, P.L. 1269, No. 303, § 1, imd. effective.

Appellant argues that he has standing to obtain a declaratory judgment and the supplemental relief he seeks because a determination that he is the child's father would confer upon him the rights that accrue from paternity. He refers to inheritance rights and to his right to contest the adoption of a child found to be his as illustrative of the fact that an unwed father has rights with respect to his children.

As we have seen, unwed fathers do have the rights to which appellant refers. Those rights create a substantial, direct and immediate interest in the determination that one is the father of a child.

Furthermore, a paternity determination may accord a child certain rights. He may become an heir to his father, 20 Pa.C.S.A. § 2107(c)(3). See also the following statutory provisions and case law where children are accorded certain other benefits upon a paternity determination: 5 U.S.C. § 8901 (federal health insurance), 8 U.S.C. §§ 1409, 1431, 1432, 1452 (citizenship), 10 U.S.C. § 1477, 37 U.S.C. § 401 and 38 U.S.C. § 765 (servicemen's benefits). Accordingly, there are numerous rights which a child acquires upon a determination of his paternity.[3]

**3.** See also, *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 701 (1977), which held Illinois Interstate Succession Law, which treated illegitimate children differently from legitimate children was an unconstitutional violation of equal protection, and *Weber v. Aetna Casualty and Surety Company*, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972), in which the Supreme Court held that a Louisiana Workmen's Compensation Law, which denied equal rights to

It can be argued that it is far too artificial a distinction to hold that the rights of a putative father who alleges he is the father, and the child of an unwed father should have the right to assert paternity and not permit an alleged father to deny paternity prior to an order requiring him to pay support. However, under existing law the appellant must wait to attack the paternity determination until support has been ordered. *Williams v. Williams,* supra; see also Civil Rule of Procedure, Title 231, § 1910.15(f).[4]

Pennsylvania also has a statutory provision which provides for a determination of paternity. 42 Pa.C.S.A. § 6767 provides:

If the obligor asserts as a defense that he is not the father of the child for whom support is sought and it appears to the court that the defense is not frivolous, and if both of the parties are present at the hearing or the proof required in the case indicates that the presence of either or both of the parties is not necessary, the court may adjudicate the paternity issue. *Otherwise the court may adjourn the hearing until the paternity issue has been adjudicated.*[5] [Emphasis added.]

The final sentence of Section 6767 appears to provide that a separate adjudication exists regarding paternity.

Thus, it is clear that the law in the United States has recognized that many rights flow to illegitimate children

dependent, unacknowledged, illegitimate children was unconstitutional. Pennsylvania decisions have followed *Weber,* supra, in *Lehigh Foundations, Inc. v. Workmen's Compensations Appeals Board,* 39 Pa.Cmwlth. 416, 395 A.2d 576 (1978); *Westinghouse Electric Corp. v. Workmen's Compensation Appeals Board,* 39 Pa.Cmwlth. 42, 394 A.2d 1071 (1978); *Brown v. Workmen's Compensation Appeals Board,* 20 Pa.Cmwlth. 330, 342 A.2d 134 (1975).

4. Civil Rule of Procedure, Title 231 § 1910.15(f), effective July 23, 1981, states:

(f) The interlocutory order of paternity is not an appealable order but any issue of paternity raised in a post-trial motion or exception may be included in an appeal from a final order of support.

5. Act of July 9, 1976, P.L. 586, No. 142, § 2, eff. June 27, 1978, Reenactment of Act of December 6, 1972 (No. 291), § 27 (62 P.S. § 2043–29).

from their fathers after a paternity determination is reached. And the General Assembly can be argued to have provided in Section 6767 that paternity may be determined separately from support. And, while Section 6774 provides for the right to appeal from a support order *it does not specifically prohibit an appeal* from a paternity determination under Section 6767. Therefore, it can be reasoned that the General Assembly intended that an appeal from a paternity determination shall be permissible.

We are also aware that this result can be reached under the test established in Pennsylvania to determine finality. When reviewing a finality issue, we must determine whether:

> The order appealed from does not put the [parties] out of court or constitute a conclusive adjudication of the proceeding, and the statute does not authorize an appeal from an interlocutory order. . . the order of the court is not appealable at this stage of the proceeding. . . .

*Steth v. Henderson*, 200 Pa.Super. 268, 269, 188 A.2d 823, 824 (1963).
See *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 246 A.2d 353 (1968).

In accordance with this argument, the paternity determination effectively places the father out of court because he may immediately have numerous demands placed upon him apart from the support determination. If he cannot challenge paternity in the other proceedings because of some notion of collateral estoppel, he will be held out of court, to that extent, until the support order is issued. In this manner, it can be asserted that the determination of paternity is effectively conclusive, resulting in numerous liabilities which flow from that decision.

■ Thus, very strong arguments exist in favor of permitting the appellant to appeal prior to a support determination. We recognize that the nature of appellant's contentions assert that his due process rights are being denied under the law as it presently exists. However, we are

precluded from deciding on the merits of the appellant's argument by our Supreme Court's decision, to adopt the analysis presented in our opinion in *Williams v. Williams*, supra, in its recent declaration of Appellate Rule of Procedure, Title 231 1910.15(f). We, therefore, are obliged to hold that the instant appeal is interlocutory.

Accordingly, the appeal is quashed.

WATKINS, J., concurs in result.