470 A.2d 970

**Beverly P. LOWENSCHUSS,**

v.

**Fred LOWENSCHUSS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1983.

Filed Dec. 23, 1983.

Reargument Denied Feb. 22, 1984.

Petition for Allowance of Appeal Denied June 7, 1984.

382

Jack M. Bernard, Philadelphia, for appellant.

Albert Momjian, Philadelphia, for appellee.

Before McEWEN, JOHNSON and HESTER, JJ.

HESTER, Judge:

On September 28, 1981, appellee, Beverly P. Lowenschuss, filed a complaint in divorce in Montgomery County, Pennsylvania, requesting a divorce from appellant, Fred Lowenschuss, under § 201(a)(6), § 201(c) and § 201(d), alternatively, of the Pennsylvania Divorce Code. Additionally,

appellee requested equitable distribution of the marital property, child support, child custody, alimony, alimony pendente lite, and counsel fees, costs and expenses.

Appellee's claims for child support and alimony pendente lite came before the Domestic Relations Office of Montgomery County on January 8, 1982. At that time the parties appeared before a hearing officer for a non-record conference. In his recommendation, the hearing officer noted appellant's refusal to disclose information concerning his assets and earnings. Appellee alleged monthly expenses of $7,037.00 per month for herself and three children and an earning capacity of $1,018.00 per month. In response to this information and appellant's representation that he had sufficient resources to pay any amount ordered, the hearing officer recommended to the court that alimony pendente lite in the amount of $1,650.00 per month and child support in the amount of $4,367.00 be ordered. The court did indeed enter an order upon the recommendation on the same day, January 8, 1982. Appellant promptly filed exceptions from that recommendation and requested a de novo hearing before a Montgomery County judge. The de novo hearing was scheduled for March 4, 1982.[1]

Despite appellant's demand for a de novo hearing, the January 8, 1982 order was not stayed. Consequently, appellant's failure to pay support and alimony pendente lite in accordance with that order prompted appellee to exercise her rights pursuant to the local Montgomery County rules governing support actions. In doing so, appellee petitioned for an emergency hearing on alimony pendente lite and child support while the de novo hearing was pending. At the conclusion of this emergency hearing on February 4, 1982, a temporary child support order of $3,050.00 per month, or 75% of the hearing officer's recommendation, and a temporary alimony pendente lite order of $800.00 per month, or 50% of the recommendation, were entered. Appellant filed a notice of appeal from this order on February

1. The de novo hearing was not conducted on March 4, 1982 due to appellate proceedings and other delays.

19, 1982; however, said appeal was quashed by this Court on June 3, 1982. No supersedeas was placed on the temporary order of February 4, 1982; consequently, appellant was obligated to make payments pending the appeal.

On May 19, 1982, appellee filed a petition for civil contempt due to appellant's continuing failure to make payments in accordance with the temporary order of February 4, 1982. Appellant's petition to vacate the order was denied and he was directed to pay $6,000.00 on arrearages or undergo imprisonment for 30 days. On June 3, 1982, appellant was ordered to jail for failure to comply with the order to pay $6,000.00 on arrearages; however, on that same date, the contempt order for payment of $6,000.00 on arrearages or 30 days imprisonment was stayed by this Court upon appellant's payment of $2,500.00 to appellee. This Court also remanded for a hearing on appellant's ability to pay alimony pendente lite and child support.

On July 8, 1982, appellee filed a second petition for civil contempt as a result of appellant's persistence in refusing to pay alimony pendente lite and child support. Shortly thereafter, on July 28, 1982 and prior to the hearing on appellee's second petition for civil contempt, appellant was ordered to pay the sum of $10,000.00 in preliminary counsel fees and $2,500.00 for preliminary costs and expenses. In lieu of the hearing for contempt, the parties agreed on October 22, 1982 that appellant would pay, within 5 days from that agreement date, a sum of $7,500.00 on arrearages under the temporary order of February 4, 1982. In return for said payment, appellee agreed not to prosecute outstanding petitions for contempt. Additionally, and pursuant to this Court's order of June 3, 1982, the parties agreed to schedule a hearing on child support and alimony pendente lite before Judge Yohn of the Court of Common Pleas of Montgomery County for the end of November, 1982. Finally, the agreement reflected appellee's stipulation that no further petition for civil contempt would be filed until the de novo hearing on alimony pendente lite and child support occurred.

Said hearing was not scheduled for November or December of 1982 as a result of Judge Yohn's congested calendar. Neither party scheduled the hearing de novo following 1982, and appellant's non-compliance with the temporary order for alimony pendente lite and child support continued. As a result, appellee filed a third petition for civil contempt on March 3, 1983. This petition included allegations not only of appellant's failure to pay the temporary alimony pendente lite and child support order, but also for his failure to pay counsel fees, costs and expenses as set forth in the July 28, 1982 order. On April 13, 1983, the lower court ordered prompt payment of $7,500.00 for arrearages on these two orders and instructed both parties to consult the Court Administrator with respect to scheduling a de novo hearing on alimony pendente lite and child support.

Finally, on August 2, 1983, after much delay, a lower court proceeding was conducted for the purposes of determining appellant's ability to pay and whether or not he should have been held in contempt. In finding appellant capable of making payments in the amounts ordered, the lower court deemed him to have willfully disobeyed the orders of February 4, 1982 and July 28, 1982. Appellant was ordered to pay $52,912.19, plus interest, by August 19, 1983 to purge himself of contempt. Appellant filed this appeal from the order of August 2, 1983.

Appellant first argues that the contempt proceeding was not conducted in conformity with Pa.R.C.P. No. 1910.21. Prior to the promulgation of Pa.R.C.P. No. 1910.21, contempt proceedings for the alleged failure to make support payments followed a five-step procedure: "(1) a rule to show cause why an attachment should not issue, (2) and answer and hearing, (3) a rule absolute (arrest), (4) a hearing on the contempt citation, (5) an adjudication of contempt." *Crislip v. Harshman*, 243 Pa.Super. 349, 352, 365 A.2d 1260, 1261 (1976); *Simmons v. Simmons*, 232 Pa.Super. 365, 335 A.2d 764 (1975). Rule 1910.21 "streamlines" this five-step procedure. Under the simplified procedure now in effect, a petition for civil contempt, with a

statutorily-prescribed notice, must be filed and served on the alleged contemnor. Furthermore, a hearing shall not occur prior to the expiration of a seven-day period commencing with the service of the petition. The providing of a petition, notice and hearing is sufficient to protect constitutional rights; the earlier five-step procedure is no longer a prerequisite to an adjudication of contempt. Explanatory note on rules governing actions to enforce a duty of support, Civil Procedural Rules Committee, 42 Pa.C.S.A. Rule 1910.1 et seq., pocket part, p. 337.

According to appellant, the lower court proceeding failed to satisfy even the "streamlined" procedure of Rule 1910.-21. Particularly violative in appellant's mind, was the personal service of the petition on him at the hearing; accordingly, the mandatory seven days between service and hearing did not run. Moreover, the prescribed notice set forth in Pa.R.C.P. No. 1910.21(a) was omitted in appellee's petition.

Were we to isolate that portion of these proceedings which entails the service of one petition for civil contempt and the hearing thereon, both of which did indeed occur on August 2, 1983, Rule 1910.21 appears to have been violated. However, to do so would ignore the fact that appellant had been apprised for many weeks of a pending contempt proceeding and was awarded sufficient preparation time. As alluded to above, several petitions for civil contempt were filed and served upon appellant prior to the hearing on August 2, 1983. Appellee filed petitions for civil contempt on May 19, 1982 and July 8, 1982 for appellant's failure to pay on the alimony pendente lite and child support temporary order of February 4, 1982. Each of these petitions resulted in orders directing appellant to make certain payments on arrearages. In fact, on one occasion, appellant was ordered incarcerated. A third petition for civil contempt was filed on March 3, 1983 as a result of appellant's failure to pay child support, alimony pendente lite and counsel fees, costs and expenses. Again, this third petition

for civil contempt resulted in appellant being the obligor for the payment of arrearages.

Appellant developed a pattern of paying arrearages only to avoid incarceration. He occasionally made payments of $1,000.00 per month, however, the court-ordered amount was four-fold these actual payments. Additionally, there is some confusion as to whether appellant actually made full payment on the arrearages as ordered on several occasions by the court.

Appellant is correct insofar as he did not receive the contempt petition at least seven days in advance of the hearing; nevertheless, he had ample opportunity to prepare. His position was that he did not have the income to pay the amounts ordered. Furthermore, he averred that appellee had enough income to support herself. These arguments are applicable to ability to pay as well as contemptuous conduct, and appellant does not claim that notice was insufficient for a hearing on ability to pay.

The hearing on August 2, 1983 was scheduled originally for determining only appellant's ability to pay; however, the court's decision to conduct a contempt hearing also was not reversible error. Appellant was informed by appellee and the court, through petitions for civil contempt and orders thereon, that his behavior was non-conforming. He never denied his disregard of prior orders; instead, he merely questioned the propriety of the orders. The special circumstances of this case convince us that appellant was not denied sufficient preparation time for the contempt aspect of the August 2, 1983 hearing. Consequently, a failure to give a seven-day notice of the contempt issues was not error justifying reversal and remand. See *Crislip v. Harshman*, supra. For these same reasons, the omission of the statutorily-required notice was harmless. Appellant was thoroughly apprised of contempt proceedings; a notice designed to inform the respondent of the nature of the contempt proceedings commenced against him becomes superfluous under these circumstances. Its omission was harmless error. See *Campbell v. Commonwealth, Dept. of*

*Environmental Resources,* 39 Pa.Cmwlth. 624, 396 A.2d 870 (1979).

Next, appellant argues that the lower court disregarded the order of this Court, dated June 3, 1982, which remanded for a hearing on his ability to pay alimony pendente lite and child support. Such disregard is allegedly displayed through the conducting of the contempt hearing on April 13, 1983 prior to the hearing ordered by this Court on appellant's ability to pay.

We will not subscribe to this argument. This Court, in its order of June 3, 1982, did not reverse the temporary order for alimony pendente lite and child support. It reduced the amount which appellant was previously ordered to pay on arrearages; as a result, appellant was accorded an easier means to remove himself from jail. Furthermore, this Court recognized that a final hearing on alimony pendente lite and child support was necessary due to the temporary nature of the existing order. When that hearing took place depended upon the schedules of both the parties and Judge Yohn. Due to Judge Yohn's congested calendar and the apparent dilatory practice of appellant, that hearing did not occur for fourteen months following the temporary order of February 4, 1982.[2] What is important, however, is that the temporary order remained in effect during this fourteen-month hiatus. This Court's remand did not affect appellant's continuing obligation to comply with the temporary order. His non-compliance justified the contempt hearing, and the scheduling of that hearing did not disregard any order of this Court.

It is also appellant's contention that the temporary alimony pendente lite and child support order was valid only until a hearing de novo could establish the proper payments. Appellant points out the temporary order was entered upon a hearing officer's recommendation which followed a conference but not the taking of testimony. As a result,

---

**2.** We will not attribute this delay to the behavior of appellee. After all, the request for said hearing de novo was made by appellant only and we place upon him the sole obligation of proceeding forward.

appellant is of the belief that an order based on little or no evidence should not be effective for fourteen months. Presumably, he contends that one cannot be in contempt of an order that must necessarily die through lack of prosecution.

The Court of Common Pleas of Montgomery County, Pennsylvania did not adopt the procedure of support actions provided by Pa.R.C.P. No. 1910.12; consequently, it was obligated to follow the procedure of Pa.R.C.P. No. 1910.11. In compliance with Rule 1910.11, the parties scheduled an office conference with the Montgomery County hearing officer on January 8, 1982. Appellee submitted her most recent tax return, pay stubs for the preceding six-months and an income and expense statement. Appellant submitted none of these statutorily-required items; nevertheless, he informed the officer that he was able to pay any support order entered. The parties did not reach an agreement on alimony pendente lite and child support; therefore, the hearing officer recommended to the court that appellant pay monthly amounts of $4,367.00 in child support and $1,651.00 in alimony pendente lite. The court entered an order upon this recommendation on January 8, 1982 and informed appellant of his right to file a written demand for a hearing de novo before the court. Appellant filed said demand and a hearing was scheduled for March 4, 1982.

Unless the court directs otherwise, a party's demand for a hearing de novo does not stay the order. Pa.R.C.P. No. 1910.11(g). The lower court made no such direction here; consequently, appellant was obligated to pay on the January 8, 1982 order despite his request for a hearing de novo. He did not do so; therefore, appellee requested an emergency hearing for child support and alimony pendente lite pursuant to Montgomery County Rules of Civil Procedure 1920.93. A temporary order in the amount of 75% of the child support recommendation and 50% of the alimony pendente lite recommendation was entered on February 4, 1982. The original de novo hearing date, set for March 4, 1982, was continued due to appellant's appeal from the February 4th temporary order. Not until June 3, 1982, when the

appeal was quashed, was the lower court free to schedule the de novo hearing. Thereafter, the parties litigated the counsel fees and expenses claims on June 28, 1982 and entered into an agreement in October, 1982 wherein they stipulated, inter alia, to schedule the hearing prior to year's end before Judge Yohn.

We find no authority for the conducting of a de novo hearing within a certain period of time under Rule 1910.11. Moreover, we are unwilling at this time to set a limitations period after which a temporary child support and alimony pendente lite order becomes inoperative. We do find, however, that where the party requesting a de novo hearing on support files an appeal from a temporary support order to the Superior Court, enters into an agreement to have a designated judge preside at such de novo hearing and does not pressure the court to schedule the hearing before another judge where said designated judge's schedule is not accommodating, it is not acceptable for that party to assert that an unduly long period of time lapsed between the temporary order date and the de novo hearing. In other words, appellant was chiefly responsible for said delay; he can not now benefit from his strategy of delaying and confounding proceedings.

Appellant next contends that Local Rule 1920.93 is mooted by Pa.R.C.P. Nos. 1910.10 and 1910.11; therefore, the temporary alimony pendente lite and child support order was invalid. Although it is difficult to detect the exact tenor of appellant's argument here, he apparently is of the opinion that Montgomery County's provision for emergency hearings of temporary orders for alimony pendente lite and child support are unnecessary due to a de novo hearing provided by Supreme Court Rule 1910.11(f). Montgomery County Local Rule of Civil Procedure 1920.93 provides as follows:

"If, after the domestic relations office conference, the hearing officer certified the issue of child support and/or alimony pendente lite for hearing before the City Master, and if the court within 5 days of the conference has not

entered a temporary order pending the hearing, either party may request a conference before a judge who, after conference, may enter a temporary order."

Local courts are empowered to promulgate local rules of procedure "as the interest of justice or the business of the court may require." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 323. Local rules are invalid only to the extent that they conflict with Pennsylvania Supreme Court rules. *Acri v. Wintermeyer*, 285 Pa.Super. 486, 428 A.2d 150 (1981).

■ Local Rule 1920.93 provides any party with an opportunity to acquire a hearing for a temporary order on alimony pendente lite and child support where a de novo hearing is pending and the court did not enter a temporary order within five days of the conference recommendation. Rule 1910.11(g) provides for stays of *orders* where a de novo hearing is requested but does not provide for stays of the hearing officer's *recommendations*. As a result, we see no conflict between local rule 1920.93 and Supreme Court rule 1910.11. Here, an order was entered on the hearing officer's recommendation. That order was not stayed pending the de novo hearing due to the fact that the court did not direct otherwise. It was not necessary for appellee to seek a temporary order; she could have filed a contempt petition based upon the January 8, 1982 order alone. Appellant should not protest too vehemently here. He has been adjudicated in contempt of an order that was 75% and 50% respectively of the amounts for alimony pendente lite and child support ordered upon the hearing officer's recommendation. He actually gains a windfall here due to the fact that the contempt order could just as easily been entered on the higher January 8, 1982 order, instead of the lower temporary order of February 4, 1982.

■ Finally, appellant complains that he was denied due process of law due to the fact that he was prevented by the lower court from presenting evidence at the August 2, 1983 hearing. Appellant was adjudicated in contempt of the orders of February 4, 1982 and January 28, 1982 following a

394

determination of his ability to pay. There was evidence that appellant made a $2,000.00 payment in December, 1982 on a large pledge to the University of Pennsylvania; that he opened substantially-funded custodial accounts for his children in July, 1982; and that his pension fund contained proceeds in the amount of $3,000,000.00. Following the lower court's finding of contempt, appellant attempted to demonstrate that the custodial accounts were funded with monies realized upon the exercise of stock options owned exclusively by his children.

Our perusal of the record convinces us that appellant had sufficient opportunities throughout the three and one-half hour proceeding to rebut the evidence presented on the children's custodial accounts. There is no justification for his waiting until the court's ruling to ask for additional time to present evidence on the origin of the funds in the custodial account. We are inclined to believe that appellant's proffered evidence following the court's ruling was merely a last-ditch attempt to salvage a losing position that he himself constructed through contemptuous behavior.

Order affirmed.