522 A.2d 603

**Margaret NUTTALL**

v.

**Robert NUTTALL, Appellant.**

Superior Court of Pennsylvania. .

Argued Dec. 2, 1986.

Filed March 6, 1987.

Francis X. Nolan, Philadelphia, for appellant.

Neil Hurowitz, King of Prussia, for appellee.

Before WICKERSHAM, McEWEN and BECK, JJ.

WICKERSHAM, Judge:

This is an appeal from an order entered August 26, 1986, by the Honorable Albert R. Subers of the Court of Common Pleas of Montgomery County, dismissing appellant's exceptions to the decree nisi. We reverse.

On November 30, 1981, appellee, Margaret Nuttall, filed a complaint seeking a divorce, equitable distribution, alimony, alimony pendente lite, custody, child support, counsel fees, costs and expenses. A bifurcated divorce decree was entered by stipulation on November 5, 1982. A master was appointed to hear the economic claims and, on January 31, 1985, the master's report and recommendation were filed. Appellant, Robert Nuttall, and appellee both filed timely exceptions to the master's report. Hearings *de novo* were conducted and the lower court thereafter issued a decree nisi determining the parties' economic issues.[1] Appellant

---

1. It appears that Montgomery County has adopted a local practice permitting a hearing *de novo* upon filing exceptions to a master's report which determines economic issues therefore requiring posttrial motions to be filed following the *de novo* hearing to preserve an issue

thereafter filed exceptions to the decree nisi seeking further relief.

On August 5, 1986, appellee filed a motion to dismiss appellant's exceptions for violation of Montgomery County Local Rule 252 (failure to pay estimated costs of transcript within thirty (30) days of receipt of Court Reporter's estimate may be a basis for dismissal of exceptions) due to appellant's delay in procuring the transcripts of the *de novo* hearings. The lower court promptly dismissed appellant's exceptions by order for failure to comply with the local rule regarding transcription of notes of testimony. This order adopted the decree nisi of May 20, 1986, as the court's final decree. Appellant filed this timely appeal to our court.

On appeal appellant raises the following issue for our review:

1. Did the Lower Court abuse its discretion in dismissing Defendant's Exceptions to the Decree Nisi for the sole reason of a twenty (20) day delay in the payment of the stenographer's fee which was a violation of Pennsylvania Rule of Judicial Administration 5000.6 when:

   a. The stenographer demanded one hundred [sic] (100%) of the estimate of cost of the transcript; and

   b. As of the time of the filing of this Brief, counsel has not been provided with a transcript of all three (3) days of testimony?

Brief for Appellant at 3.

The issue presented by this appeal is whether a local rule of court that provides for a full deposit of the estimated charge for the transcript of testimony as a condition precedent to the transcript of same,[2] is inconsistent with Pennsyl-

for review. This practice, although a departure from the procedures deliniated by Pa.R.C.P. 1920.55, was acknowledged by our court in *Taylor v. Taylor*, 345 Pa.Super. 184, 497 A.2d 1365 (1985). We do not reach the validity of such a practice as the issue is not presently before this court.

**2.** Appellee represents Montgomery County Local Rule 252 as follows: 'All post-trial motions in actions at law ... shall be filed in writing with the Prothonotary within ten days after verdict, non suit,

vania Rule of Judicial Administration 5000.6 [3] so as to render the local rule ineffective and unenforceable; or if proper, whether the lower court abused its discretion in the application of the local rule.

It is without dispute that a local court has the right to promulgate local rules of procedure. *Ricci v. Ricci,* 318 Pa.Super. 445, 447, 465 A.2d 38, 39 (1983); 42 Pa.C.S. § 323. It is equally well settled that '[t]he application, construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule[,] and we will interfere only where the court commits an abuse of discretion.' *Gutman v. Rissinger,* 334 Pa.Super. 259, 264–265, 482 A.2d 1324, 1327 (1984), quoting *Equipment Finance, Inc. v. Toth,* 328 Pa.Super. 351, 355, 476 A.2d 1366, 1369 (1984). Local rules, however, must be consistent with and not in conflict with the Pennsylvania Rules of Civil Procedure. To the extent that they are not consistent with state procedural rules, local rules are invalid and cannot be followed. *Davison v. John W. Harper, Inc.,* 342 Pa.Super. 560, 563, 493 A.2d 732, 734 (1985) (citations omitted).

[1] It is clear that the local rule, which mandates that the court reporter request and receive full payment of transcription costs, is in conflict and inconsistent with the

decision, or adjudication. Counsel filing such motions or exceptions shall immediately send copies thereof to the trial Judge or Chancellor, the Official Court Reporter, and to the Court Administrator. The Official Court Reporter *shall,* forthwith, provide counsel with an estimate of the costs of the trial transcript and payment therefor must be made within thirty days by counsel for the moving party or parties. Failure to make payment may be a basis for refusal of the Motions or Dismissal of the Exceptions for lack of a transcript.'
Brief for Appellee at 8 (emphasis added).

**3. Rule 5000.6 Deposit of Partial Transcript Fee**
Except where the Commonwealth or a subdivision is liable for the cost, the reporter *may* require a deposit of up to one-half the estimated charge for the transcript as a condition precedent to starting transcription. Local rules may provide that the advance payments be made to the reporters, held by the court administrator or clerk, or other suitable arrangement.
Pa.R.J.A. No. 5000.6 (emphasis added).

Pennsylvania Rules of Judicial Administration which permits the court reporter to request and receive up to one-half the estimated cost of transcription as a condition precedent to starting same. Montgomery County local rule 252 as written is invalid and cannot be followed.

■ It has long been recognized that courts may promulgate rules of practice and procedure so as to promote the orderly and expeditious administration of justice. *Weber v. Lynch,* 473 Pa. 599, 375 A.2d 1278 (1977). Local rules are, however, invalid to the extent they are in conflict with the state-wide rules of civil procedure. *Lowenschuss v. Lowenschuss,* 323 Pa.Super. 381, 393, 470 A.2d 970, 975 (1983) (allocatur denied).

■ Montgomery County local rule 252 requires that payment of transcription estimates must be made within thirty (30) days of such estimate. Having held that this rule is invalid because it requires a full payment of transcription costs, we further hold that appellant's failure to pay any amount within the time period prescribed is not fatal to his appeal.

Accordingly, we find that the lower court abused its discretion by dismissing appellant's exceptions.

Decree reversed and case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.