## Scott v. Heatherwood Construction Company

*Dennis O'Connell,* for Bertram Criniti.
*Dean B. Stewart,* for Upper Frederick Township.

SUBERS, *J.,* July 22, 1987—In the underlying action, plaintiffs alleged that their Upper Frederick Township home sustained substantial damage due to the negligent construction of the home and appurtenant septic system in a flood-plain area. On January 17, 1986, this court found for plaintiffs, William R. Scott and JoAnn Scott, against defendants Heatherwood Construction Company, Upper Frederick Township, Bertram Criniti and International Environmental Engineers in the sum of $31,802 plus delay damages of $13,926.10. Pursuant to Pa.R.C.P. 227.1, Bertram Criniti filed a motion for post-trial relief wherein he moved for entry of judgment in his favor or, in the alternative, an entry of judgment in his favor on his cross claims for indemnification against Donald R. Reed and Heatherwood Construction or, in the alternative for a new trial. Defendant, Upper Frederick Township, answered on February 14, 1986, then, pursuant to Montgomery County Local Rule 252, moved to dismiss Mr. Criniti's post-trial motion on April 28, 1986. We heard oral arguments on Upper Frederick Township's motion to dismiss on December 12, 1986. On March 9, 1987, upon consideration of the parties oral arguments and memoranda of law, we dismissed the post-trial motion of Bertram Criniti. Mr. Criniti now appeals our decision to the Superior Court of Pennsylvania.

## ISSUE

Whether this court erred in dismissing defendant's motion for post-trial relief for defendant's fail-

ure to file his motion in accordance with Montgomery County Local Rule of Civil Procedure 252.

## DISCUSSION

Defendant finds error with this court's order of March 9, 1987, in which we dismissed defendants' motion for post-trial relief. Specifically, defendant avers that we failed to follow the Superior Court of Pennsylvania's recent decision in *Nuttall v. Nuttall*, 361 Pa. Super. 320, 522 A.2d 603 (1987). In *Nuttall* the Superior Court sustained a party's appeal, even though the party had failed to pay any amount within 30 days of the estimate of transcription expenses in derogation of Montgomery County Local Rule 252. We are well acquainted with *Nuttall*, and agree that in light of the Superior Court's findings there[1] defendant's nonpayment of the stenographic fee in the instant action does not preclude our consideration of defendant's post-trial motion. However, we interpret *Nuttall* to leave undisturbed that language of local rule 252 commanding that "[c]ounsel filing such motions or exceptions shall immediately send copies thereof to the trial judge or chancellor, the official court reporter, and to the court administrator."

Unlike in *Nuttall*, where Pennsylvania Rule of Judicial Administration 5000.6 directly addressed charges for transcripts and directly conflicted with the letter of local rule 252, here Pa.R.C.P. 227.1(f), which controls the service of post-trial motions, does not specifically address all of rule 252's service

---

1. The Superior Court found that rule 252's "payment of the estimate of costs" provision was inconsistent with Pennsylvania Rule of Judicial Administration 5000.6, and as such was invalid.

requirements and is not by its terms inconsistent with the language of rule 252.[2] As the Superior Court stated in *Nuttall,* "[l]ocal rules are . . . invalid *to the extent that they are in conflict* with the statewide rules of civil procedure." *Nuttall,* supra, at 522 A.2d at 605 citing *Lowenschuss v. Lowenschuss,* 323 Pa. Super. 381, 393, 470 A.2d 970, 975 (1983) (allocatur denied) (emphasis added).

We therefore hold that portion of local rule 252 pertaining to the *service* of defendants' post-trial motion to have continued vitality in the wake of the Superior Court's decision in *Nuttall.*

In applying rule 252's service requirements to the instant facts, it is clear that defendant failed to fully comply with rule 252's procedural mandate. Indeed, defendant freely admits that he did not file a copy of his post-trial motion with the court reporter or the court administrator. Under local rule 252, defendants' failure to do so proves fatal to his appeal.

## CONCLUSION

Based on the foregoing analysis, our order dated March 9, 1987, dismissing defendant's post-trial motion was correct and should be affirmed.

---

2. Pa.R.C.P. 227.1(f) provides: "(f) The party filing a post-trial motion shall serve a copy promptly upon every other party to the action and deliver a copy to the trial judge."