605 A.2d 832

S.A.C.

v.

**S.B., Appellant.**

Superior Court of Pennsylvania.

Submitted March 18, 1992.

Filed April 16, 1992.

Paul E. Cherry, DuBois, for appellant.

Timothy P. Morris, Asst. Dist. Atty., Punxsutawney, for appellee.

Before ROWLEY, President Judge, and CIRILLO and BROSKY, JJ.

ROWLEY, President Judge.

In this appeal, S.B. challenges the trial court's finding that he is the father of appellee S.C.'s daughter, born July 4, 1990. Because the order that has been appealed is interlocutory rather than final, we are required to quash the appeal.

On August 15, 1990, appellee filed a complaint for child support against appellant. Appellant denied paternity, HLA blood testing was conducted, and a non-jury trial to determine paternity was held on August 5, 1991, before the Honorable Edwin L. Snyder. Appellant was present at trial but was not represented by counsel. At the conclusion of the trial, Judge Snyder ruled that appellant was the father of appellee's child, and he advised appellant of his right to file post-trial motions within ten days. Judge Snyder's ruling appears in the certified record in the form of a verdict dated August 5, 1991, and filed the following day.

Appellant did not file post-trial motions. On August 15, 1991, he filed the present, timely appeal from the verdict.

Appellant, now represented by counsel, raises two issues: 1) whether the trial court erred in finding the evidence sufficient to overcome the presumption of legitimacy; and 2) whether appellant, having allegedly retained counsel who failed to appear at trial, should be granted a new trial on the ground of ineffective assistance of counsel.

Appellant's appeal is premature, as appellee argues and as the following portions of Pa.R.C.P. 1910.15 make clear:

(d)(2) If the verdict or decision is against the defendant on the issue of paternity, unless a post-trial motion is filed and sustained, an *interlocutory* order shall be entered, on praecipe or by the court, finding paternity.

(e) After an *interlocutory* order is entered finding that the defendant is the father of the child, the court shall either refer the case to a conference as in other actions for support or as expeditiously as possible hold a hearing on the issue of the amount of support and shall enter a final order of support.

(f) *The interlocutory order of paternity is not an appealable order* but any issue of paternity raised in a post-trial motion may be included in an appeal from a final order of support.

Pa.R.C.P. 1910.15(d)(2), (e), (f) (emphasis added). As appellant filed no post-trial motions challenging the verdict, we will consider the verdict dated August 5, 1991, and filed August 6, 1991, to be the "order" finding paternity. Rule 1910.15 makes abundantly clear that such an order is interlocutory rather than final and that challenges to the finding of paternity must await the filing of a direct appeal from a final order of support. Our case law supports this conclusion. *See Commonwealth ex rel. Wright v. Lacy,* 291 Pa.Super. 185, 435 A.2d 630 (1981) (Supreme Court's adoption of Rule 1910.15(f) indicates that, as under existing case law, appellant cannot attack paternity determination until support has been ordered).

"[I]t is a fundamental principle of law that an appeal will lie only from a final order unless otherwise permitted by statute or rule." *Motheral v. Burkhart,* 400 Pa.Super. 408,

414, 583 A.2d 1180, 1183 (1990) (*en banc*) [citing *Fried v. Fried,* 509 Pa. 89, 93, 501 A.2d 211, 213 (1985)]. Accordingly, because the present appeal is taken from an interlocutory order and is not permitted by statute or rule, we are required to quash the appeal. At this juncture we are not required to determine whether appellant, who did not file post-trial motions, has preserved the issues raised herein for inclusion in an appeal from a final order of support.

Appeal quashed.