**Margarite J. McCANDLESS**

v.

**Phillip FREEDMAN.**

Superior Court of Pennsylvania.

Filed Sept. 11, 1997.

Reargument Denied Nov. 7, 1997.

Phillip D. Freedman, Alexandria, VA, appellant, Pro Se.

George W. Porter, Hershey, for appellee.

Before KELLY, POPOVICH and EAKIN, JJ.

PER CURIAM.

This is an appeal from a temporary order of child support entered against the defendant, Phillip Freedman. Appellee-plaintiff seeks to quash the appeal as interlocutory, claiming that the trial court has not yet held a de novo hearing in the matter. Mr. Freedman argues that, pursuant to Pa.R.C.P. 1910.11(f) and (i), the trial court was to have held its hearing within sixty (60) days after one was requested. According to Freedman, the court's failure to act within 60 days renders the interim order final.

The parties to this appeal have spent the past seven years litigating the questions of paternity and support for a child born out-of-wedlock to the plaintiff, Margarite McCandless. In 1992, the trial court directed the parties to submit to blood tests. When the defendant did not appear for testing, the trial court, pursuant to 23 Pa.C.S. § 5104(c) and without a hearing, determined him to be the father of the child in question. A support order was entered against Mr. Freedman and an appeal followed. *See McCandless v. Freedman*, 433 Pa.Super. 642, 638 A.2d 275 (1993) (memorandum opinion). There, this court quashed the appeal as it related to the blood tests and remanded the support matter for a de novo hearing before the trial court. The Pennsylvania Supreme Court granted allocatur and held that blood tests were properly ordered but that quashal was inappropriate. *See Freedman v. McCandless*, 539 Pa. 584, 654 A.2d 529 (1995). The Supreme Court further found that the trial court erred in deeming Freedman to be the father without conducting a hearing. The Supreme Court therefore remanded the case for further hearings on paternity and, if necessary, support.

A jury trial was held on the issue of paternity and posttrial motions were filed in accordance with Pa.R.C.P.1930.2(a). On December 6, 1996, the trial court denied Mr. Freedman's posttrial motions and directed him to appear at a support conference. Mr. Freedman took an appeal to this Court from that order (Superior Court Docket No. 14 Harrisburg 1997) and the appeal was quashed as interlocutory under *Com. ex rel. Wright v. Lacy*, 291 Pa.Super. 185, 435 A.2d 630 (1981) (order of paternity is interlocutory and unappealable pending the entry of a final order of support).

Following the quashal of that appeal, the parties attended an office conference in accordance with Pa.R.C.P.1910.11. When no agreement was reached with regard to support, the trial court entered an interim order on February 5, 1997, in conformity with Pa. R.C.P.1910.11(f). That rule provides that, along with setting an amount for support, the order shall notify the parties of their right to demand a hearing before the court. Mr. Freedman made a timely demand for a hearing which, according to Rule 1910.11(i), is to be held and a final order entered within sixty days. The trial court did not hold a hearing, so Mr. Freedman filed this appeal, claiming that the trial court's failure to act rendered the February 5th order final and appealable.

Rule 1910.11(i) specifically states that, "[t]he court shall hear the case and enter a final order ... within sixty days from the date of the written demand for hearing".

Generally, "shall" as used in a statute is construed as creating a mandatory duty. *Oberneder v. Link Computer Corp.,* 449 Pa.Super. 528, 674 A.2d 720 (1996), *appeal granted* 546 Pa. 646, 683 A.2d 884 ("shall" held to require mandatory award of attorneys' fees to plaintiff under Pennsylvania Wage Payment and Collection Law); *Heard v. Heard,* 418 Pa.Super. 250, 614 A.2d 255 (1992) ("shall" held to require court to hold a hearing within ten days of issuing a temporary order under the Protection From Abuse Act); *Mamone v. Beltone Hearing Aid Services, Inc.,* 416 Pa.Super. 555, 611 A.2d 755 (1992) ("shall" held to determine mandatory language of waiver/release). However, case law provides that it is the intent of the legislature which determines whether "shall" is mandatory or discretionary. *Grove North America, Div. of Kidde Industries, Inc., v. Arrow Lift & Construction Equipment Co., Inc.,* 421 Pa.Super. 12, 617 A.2d 369 (1992).

■ In order to expedite the support process Rule 1910.11(i) was amended in 1988 to provide for the trial court to hold its hearing within forty-five days. Prior to that, no time period was imposed. *See Lowenschuss v. Lowenschuss,* 323 Pa.Super. 381, 470 A.2d 970 (1983) (appellant argued fourteen month delay in scheduling *de novo* hearing was too long to require him to continue to pay amount set in interim support order; Superior court held *de novo* hearing following temporary order of alimony pendente lite and child support based upon recommendation of hearing officer not required to be held within a certain period of time). *See also Meier v. Maleski,* 670 A.2d 755 (Pa.Cmwlth.1996) (change in statutory language generally signals change in legislative intent). In 1995, the time limit was extended to sixty days and the explanatory notes following the rule state that, because support is owed under the interim order, no prejudice inures to the dependents as a result of the time expansion. These changes support the interpretation of "shall" as mandatory with regard to the sixty-day time limit.

■ This interpretation is further supported when we consider the ramifications of accepting appellant's argument that the trial court lost jurisdiction after sixty days and the interim support order must therefore be deemed final. First, and most compelling, Rule 1910.11 simply does not include a "deemed denied" provision. *Compare* Pa. R.C.P.1930.2(c), (d) (if trial court fails to render a decision on reconsideration within 120 days, motion for reconsideration deemed denied and an appeal may be filed on the 121st day); Pa.R.C.P. 227.4(1)(b) (providing for party to praecipe for entry of judgment where trial court fails to dispose of posttrial motions within 120 days after they have been filed). Second, interim/temporary support orders are not appealable. *Sanders v. Sanders,* 384 Pa.Super. 311, 558 A.2d 556 (1989), *appeal denied* 525 Pa. 635, 578 A.2d 930. Third, accepting appellant's argument would result in the loss to appellant of his right to *de novo* review by the trial court. In *Warner v. Pollock,* 434 Pa.Super. 551, 644 A.2d 747 (1994), this court emphasized that Rule 1910.11(f) provides for the right of a party to demand a *de novo* hearing and explained the importance of this right by differentiating between an appeal and a hearing *de novo. See Warner, supra* at 750 (appeal deals with assertion of specific error whereas a *de novo* hearing is a full reconsideration of the case). Finally, the Superior Court reviews orders of support for an abuse of discretion only. *Strawn v. Strawn,* 444 Pa.Super. 390, 664 A.2d 129 (1995). It is for the trial court to determine credibility and act as the finder of fact. *Murphy v. Murphy,* 410 Pa.Super. 146, 599 A.2d 647 (1991), *appeal denied* 530 Pa. 633, 606 A.2d 902 (1992), *cert. denied,* 506 U.S. 868, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992).

For the reasons cited above, we do not find that the trial court's failure to act in a timely manner rendered the temporary support order final. As there is no final order on the docket, we grant the motion to quash and remand the case for further hearings below.

Appeal quashed. Case remanded with direction to the trial court to hold the support hearing within thirty (30) days. Jurisdiction relinquished.