J-S06018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SYLVIE ANDRE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NYREE D. HINTON | : | |
| | : | |
| Appellant | : | No. 1578 EDA 2021 |

Appeal from the Orders Entered July 15, 2021
In the Court of Common Pleas of Northampton County Civil Division at
No(s): DR-0014321

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MAY 12, 2022**

Nyree D. Hinton appeals from the order establishing his child support obligation and the order denying his motion to dismiss on the basis that the trial court lacked jurisdiction. As these orders are unappealable, we quash.

This support action commenced in March 2021 when the Office of Child Support Services in Stamford, Connecticut submitted a Uniform Support Petition to the Northampton County Domestic Relations Section ("DRS"). Trial Court Opinion, filed October 1, 2021, at 1-2. The Petition had been filed in Connecticut in January 2021, naming Sylvie Andre as the petitioner and asserting Hinton is responsible for the support for one child ("Child"). *Id.* at 2. Attached to the Petition was Child's Connecticut birth certificate, listing Hinton as Child's father, and a Connecticut Department of Public Health Acknowledgement of Paternity form, indicating Hinton had signed it after Child's birth in the presence of a notary. *Id.*

The court directed the parties to appear before a DRS conference officer in April 2021. Hinton, who is self-represented, was present telephonically, and made statements regarding his residence, employment, income, and student loans. *Id.* at 2-3. Among other things, Hinton told the conference officer that he resided in the City of Easton and earned $75,000.00 per year. *Id.* at 2. Hinton contested that he is Child's father, and the conference officer informed him that an Acknowledgment of Paternity form and birth certificate state that he is Child's father. *Id.* at 3.

Following the conference, the officer called Hinton to request corroborating documentation regarding his income and expenses. *See* Order, 4/27/21, at 5. The conference officer noted that based on Hinton's statements "that the writing on the Acknowledgement of Paternity is not his & that the document has been falsified, this matter is being listed for a Court hearing before a Judge where parties can testify under oath." *Id.* The trial court entered an order continuing the proceedings. *Id.* at 1.

Hinton filed multiple documents, including a written demand for a *de novo* hearing and several motions to dismiss the support action on the basis that the trial court lacked jurisdiction. Trial Ct. Op. at 3-4. The court noted on the docket that the demand for a *de novo* hearing was premature, as a recommended order had not been issued. *Id.* at 3. The court scheduled a hearing and ordered the parties to appear at the "hearing De Novo. listed on defendant's Motion to dismiss [sic]." Order, 4/30/21.

At the hearing, Hinton refused to be sworn before the court.[1] The court thereafter entered an order denying Hinton's motions to dismiss, "based upon [Hinton]'s failure to present evidence in support of said motion[s], as he refused to be sworn to tell the truth and did not continue with the proceedings." Trial Ct. Op. at 6. The court also entered an order establishing Hinton's monthly support obligation at $893.00.[2] *Id.* The order states that it is "[f]inal." *See* Order dated July 14, 2021, at 1. However, the court issued notice that Hinton could request a *de novo* hearing within 20 days. *Id.* at 5; Trial Ct. Op. at 14.

Hinton filed both a "Notice to Request De Novo Hearing" and a notice of appeal.[3] Hinton raises the following:

I. The Trial Failed to Comply with Proper Court Procedures & Due Process Pursuant Rule 1910.7. Pleading by Defendant Not Required. Question of Jurisdiction or Venue or Statute of Limitations in Paternity

II. The Trial Court Had No Personal Jurisdiction Over Appellant Pursuant Rule 1910.2 Venue. Transfer of Action

_____

[1] Andre attended telephonically from Connecticut. Trial Ct. Op. at 4.

[2] This was comprised of $812.00 for support and $81.00 towards the total of $5,259.30 in arrears. Hinton received a 4% downward deviation from the guideline support amount based on his student loan expense. Trial Ct. Op. at 6.

[3] Hinton's initial Notice of Appeal erroneously stated his appeal was from orders entered on June 13 and 14, 2021, although he attached the orders dated July 13 and 14, 2021, denying his motions to dismiss and establishing his support obligation. Hinton has since filed an Amended Notice of Appeal reflecting that his appeal is from the orders dated July 13 and 14, 2021, which were entered on the trial court docket on July 15, 2021.

III. The Trial Court Failed Review Important Evidence & Abused Its Discretion by Accepting an Incomplete Acknowledgement of Paternity Form Pursuant 23 Pa.C.S.A. § 5103(a) & Selectively Accepting Evidence from Defendant

IV. The Trial Court Had No Subject Matter Jurisdiction Over Federal Interstate Contract Pursuant Procedural rule 1910.11

V. The Trial Court Erred in Establishing Paternity Without Due Process for the Defendant for Refusal to Swear In – Constitutional Violations

VI. The Trial Court Withheld Critical Evidence & Erred by Not Granting Discovery Pursuant Rule 1930.5 – Constitutional Provisions

VII. The Trial Court Made Material Misstatements of Fact

VIII. The Trial Court Erred in the Calculation Support & Arrears

Hinton's Br. at 6 (unpaginated).

We do not consider any of Hinton's issues because his appeal is premature. An appeal may be taken as of right from any final order of the trial court. Pa.R.A.P. 341(a). Rule of Appellate Procedure 341 dictates that a final order is one which disposes of all claims and parties; disposes of only some claims or parties but is specifically entered as a final order and "upon an express determination that an immediate appeal would facilitate resolution of the entire case;" or disposes of a petition for post-conviction collateral relief. *See id.* at (b), (c), (f). Hence, where an award of child support does not resolve all the issues of the case, the order is interlocutory. *See Deasy v. Deasy*, 730 A.2d 500, 503 (Pa.Super. 1999) (quashing appeal of interlocutory child support award where court had granted father's exceptions in part and remanded the case for a hearing and determination of support obligation);

- 4 -

*McCandless v. Freedman*, 700 A.2d 546, 548 (Pa.Super. 1997) ("[I]nterim/temporary support orders are not appealable").

In its Rule 1925(a) opinion, the trial court explains that it entered the support order as an interim order and gave Hinton notice of his right to demand a *de novo* hearing. **See** Trial Ct. Op. at 14-17. And, because Hinton has indeed filed a demand for a *de novo* hearing, the Rules of Civil Procedure require that a new hearing be held. **See id.** (citing Pa.R.C.P. 1910.11(f)-(i)). The support order was therefore not a final determination of the merits of the case, but an interlocutory order. Although the support order purported to be "final," the parties and the court clearly contemplated further proceedings in accordance with the Rules of Civil Procedure.

Likewise, the order denying Hinton's motions to dismiss does not qualify as a final order, as it does not dispose of any claims or parties or otherwise meet the definition of a final order under Rule 341. Further evidentiary proceedings before the trial court may resolve questions surrounding jurisdiction and the calculation of child support. If one or both parties find those resolutions to be erroneous, they may appeal at the conclusion of the case.

Where an order is interlocutory, an appeal may be taken as of right if it is from a collateral order under Appellate Rule 313, or if the appeal meets the criteria for an interlocutory appeal as of right under Appellate Rule 311. **See** Pa.R.A.P. 311, 313. A collateral order is one that is "separable from and collateral to the main cause of action where the right involved is too important

to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). A party may also appeal an interlocutory order by permission, under Appellate Rule 312. **See** Pa.R.A.P. 312.

Neither order in this case qualifies as a collateral order, as the questions involved are central to the case. Nor does Appellant have a right to an interlocutory appeal as of right. Relevant here, Rule 311 allows for the immediate appeal from an interlocutory order sustaining venue or personal jurisdiction. **See** Pa.R.A.P. 311(b). However, such an order only qualifies for appeal under this Rule if the plaintiff files an election that the order shall be deemed final or "the court states in the order that a substantial issue of venue or jurisdiction is presented." Pa.R.A.P. 311(b)(1), (2). Neither circumstance has occurred here. Nor has Hinton sought permission to appeal. **See** Pa.R.A.P. 312. As the orders from which Hinton appeals are unappealable, we quash the instant appeal.

Appeal quashed. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2022

- 6 -