605 A.2d 386

COMMONWEALTH of Pennsylvania, Appellee,

v.

Dennis JANNETTA, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 30, 1992.

Filed March 23, 1992.

Michael L. Rosenfield, Pittsburgh, for appellant.

Ilissa Zimmerman, Asst. Dist. Atty., Duncansville, for Com.

Before TAMILIA, HUDOCK and BROSKY, JJ.

HUDOCK, Judge:

Dennis Jannetta, (Appellant), appeals from the denial of his motion to withdraw his plea of *nolo contendere nunc pro tunc*. We affirm.

The pertinent facts and procedural history are as follows: Appellant was charged with harassment by communication or address [1] in January 1990, in Blair County. Thereafter, Appellant wrote a letter to the district justice informing him of his innocence and his intent to plead not guilty. At the preliminary hearing Appellant was allegedly threatened by the prosecuting law enforcement officer that he would receive a jail sentence if he did not plead guilty to the charge. According to Appellant, his counsel at the time advised him to plead *nolo contendere* because he (counsel)

1. 18 Pa.C.S. § 5504.

could get Appellant's record expunged in one or two years. Consequently, Appellant pled *nolo contendere*[2] to the charge of harassment by communication or address and, on February 21, 1990, was sentenced to ninety days of unsupervised probation, a seventy-five dollar fine, and costs.

A review of the official record further reveals: By letter dated March 17, 1990, Appellant wrote to the "Clerk of Courts Pa. Superior Court" expressing an interest in appealing a "No–Contest conviction to a Misdemeanor three, that I entered under duress due to a[n] over-zealous prosecutor and detective, plus the plaintiffs who committed numerous errors and violations against me, and caused irreparable harm to my right to due process of law." After alleging several legal errors in the proceedings against him, Appellant requested a prompt reply to the following questions:

1. What is the maximum time period allowed for appeals before the State Superior and Supreme Courts? Are time extentions [sic] allowed??? [sic]

2. What are the filing fees and correct address for filing before Superior Court? Please include any necessary forms.

3. I am not asking for a retrial, as I want to avoid the risk of double-jeopordy [sic], while I complete my sentence of 90 days probation. Specifically, I am interested in petitioning the Court to quash the criminal complaint or conviction, while completeing [sic] my 90 days probation. Please advise if this is permissible, and if there is a special writ to invoke for this purpose.

In the closing paragraph of the letter Appellant states: This is not a[n] appeal until I learn if I may avoid the risk of double-jeopordy [sic], but rather a request for information. [sic] and *intent* to appeal. Time is important, as I

**2.** The copy of the trial court docket entries certified on appeal indicate that Appellant entered a plea of guilty to the harassment charge. However, both the order of the district justice and the guilty plea form indicate that Appellant entered a plea of no contest to the charges. The trial court, in its opinion denying post-conviction relief, also recognized Appellant's plea as *nolo contendere.*

entered my No–Contest plea on Feb. 21, 1990, and on March 23, it will be 30 days since the plea. I will also use this request for information to ask for a time extension, in case I decide to appeal.

A representative of the Superior Court Prothonotary returned this letter to Appellant with the following responses to Appellant's questions written on the letter:

1. Time period for appeals is usually 30 days.—Extensions are not permitted.

2. Filing fee is $50.00 and the address for middle district is correct as above.

3. Ct. Employees are not permitted to give legal advice.

In January 1991, Appellant filed a motion to expunge his record, but withdrew it when he learned that it was not meritorious because of his conviction. On May 25, 1991, Appellant filed a petition under the Post Conviction Relief Act, (PCRA), 42 Pa.C.S. § 9541 *et seq.* (Purdon Supp.1991), claiming the same allegations of coercion and ineffective assistance of counsel. Having already completed serving his sentence prior to this filing, Appellant was ineligible for relief under the PCRA; the petition was, therefore, denied. *See* 42 Pa.C.S. § 9543(a)(1)(i) (to be eligible for relief a person must be currently serving a sentence of imprisonment, probation or parole for the crime of which he was convicted); *Commonwealth v. Hayes,* 408 Pa.Super. 68, 596 A.2d 195 (1991). Thereafter, on July 11, 1991, Appellant filed a motion to withdraw his *nolo contendere* plea *nunc pro tunc.* In his motion, Appellant once again alleged that his plea was not voluntary. On July 18, 1991, the trial court denied the motion without a hearing for the same reason used by the PCRA court, i.e., that Appellant was no longer serving the underlying sentence.

Action was not taken again by Appellant until he sent a letter, dated August 5, 1991, to the Superior Court Prothonotary, citing Pa.R.A.P. 905(a) [3] and informing them that that

3. Rule 905(a) reads, in pertinent part, as follows:
   If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial

office incorrectly returned his "timely-filed Notice of Appeal" to him instead of forwarding it to the Blair County Prothonotary. (Apparently Appellant ignores the plain meaning of, and places a different characterization on, his March 17, 1990, letter). Appellant then requested that the "Notice of Appeal" be transferred to Blair County so that he could "hire a competent attorney to reactivate my timely Notice of Appeal through the Blair County Prothonotary." Appellant further stated that the reason he filed "that timely Notice of Appeal Pro Se, is because I was abandoned by a[n] incompetent attorney. But that does not negate the effectiveness of my timely appeal." In closing, Appellant advised the Deputy Prothonotary, "If you are unsure of your responsibilities in this matter, as it pertains to Rule 905(a), and my petition to forward my timely appeal to Blair County Prothonotary, please consult with Court Administrator, or the president judge. Please reply."

The Prothonotary of this Court, by letter dated August 7, 1991, promptly sent Appellant's letter of March 17 and August 5, as per the latter's request, to the Clerk of Courts of Blair County. Thereafter, on August 13, 1991, Appellant filed a timely notice of appeal to this Court from the July 18, 1991, denial of his petition to withdraw his *nolo contendere* plea *nunc pro tunc*.[4]

On appeal, Appellant claims that the trial court abused its discretion in denying his petition without a hearing. In

system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.

Pa.R.A.P. Rule 905(a), 42 Pa.C.S. (Purdon 1990). We cite to this rule only in providing the procedural history of this appeal and do not express an opinion on the use of the rule by Appellant under the circumstances presented.

4. The certified record also reveals a *pro se* petition by Appellant seeking to withdraw his plea and demanding a jury trial. This petition was filed on August 16, 1991, three days after the Notice of Appeal was filed with this Court. This petition has not been acted upon by the trial court. *See gen.*, Pa.R.A.P. 1701, 42 Pa.C.S. (Purdon 1990).

support, Appellant claims that even though he has completed his term of probation, he will suffer the disability of not being able to have his record expunged because of the improperly induced plea. Thus, Appellant asks this Court to reverse the order of the trial court and remand the matter for a hearing on his *nunc pro tunc* petition to withdraw his *nolo contendere* plea.

■ For purposes of appellate review, this Court treats a plea of *nolo contendere* the same as a guilty plea. *Commonwealth v. Jackson*, 376 Pa.Super. 433, 546 A.2d 105 (1988). "In certain cases, provisions for taking a plea of guilty in what would ordinarily be a court case within the jurisdiction of the court of common pleas have been placed within the jurisdiction of issuing authorities. This rule was initially adopted to implement procedures for such expanded issuing authority jurisdiction to accept pleas of guilty under certain circumstances in certain specified third degree misdemeanors ..." Comment, Pa.R.Crim.P. 149, 42 Pa.C.S. (Purdon Supp.1991). Section 1515 of the Judicial Code lists the third degree misdemeanors under which the issuing authorities have jurisdiction to accept guilty pleas. The section pertinent to the present appeal reads as follows:

§ 1515.  **Jurisdiction and venue**

(a) **Jurisdiction.**—Except as otherwise prescribed by general rule adopted pursuant to section 503 (relating to reassignment of matters), district justices shall, under procedures prescribed by general rule, have jurisdiction of all of the following matters:

\*  \*  \*  \*  \*  \*

(6) (i) Offenses under Title 18 (crimes and offenses) and Title 30 (fish) which are classified as misdemeanors of the third degree, if the following criteria are met:

(A) The misdemeanor is not the result of a reduced charge.

(B) Any personal injury or property damage is less than $500.

(C) The defendant pleads guilty.[5]

(D) The defendant is not subject to the provisions of Chapter 63 [juvenile matters].

(ii) Subparagraph (i) shall not apply to any offense under the following provisions of Title 18:

Section 4303 (relating to concealing death of child born out of wedlock).

Section 4321 (relating to willful separation or non-support).

Section 5103 (relating to unlawfully listening into deliberations of jury).

42 Pa.C.S. § 1515(a)(6) (Purdon Supp.1991). A review of the record reveals that the crime with which Appellant was charged, the third degree misdemeanor of harassment by communication or address, qualifies under the above section. Thus, the district justice had jurisdiction over the matter and had the power, under Pa.R.Crim.P. 149 (Purdon 1989), to accept Appellant's plea. Rule 149 provides as follows:

**Rule 149. Pleas of Guilty Before Issuing Authority in Court Cases**

(a) In a court case in which an issuing authority is specifically empowered by statute to exercise jurisdiction, a defendant may plead guilty before an issuing authority at any time up to the completion of the preliminary hearing or the waiver thereof.

(b) The issuing authority may refuse to accept a plea of guilty, and the issuing authority shall not accept such plea unless there has been a determination, after inquiry of the defendant, that the plea is voluntarily and understandingly tendered.

(c) The plea shall be in writing,

---

**5.** This sub-section was repealed by Section 3 of Act 1985, Sept. 27, P.L. 238, No. 60, insofar as it is inconsistent with the act. That section, currently codified in part at 42 Pa.C.S. § 1520 (Purdon Supp.1991), provides that a defendant need not plead guilty in order to be accepted by the district justice into an adjudication alternative program. An adjudication alternative program, *e.g.,* public service programs, is not at issue in the present appeal.

(1) Signed by the defendant, with a representation by the defendant that the plea is entered knowingly, voluntarily, and intelligently; and

(2) Signed by the issuing authority, with a certification that the plea was accepted after a full inquiry of the defendant and that the plea was made knowingly, voluntarily and intelligently.

(d) A defendant who enters a plea of guilty under this rule may, within ten (10) days after sentence, change the plea to not guilty by so notifying the issuing authority in writing. In such event, the issuing authority shall vacate the plea and judgment of sentence, and the case shall proceed in accordance with Rule 146, as though the defendant had been held for court.

(e) Judgment on a plea of guilty entered under this rule must be certified to the clerk of court of the judicial district within ten (10) days of disposition.

Pa.R.Crim.P. 149. The comments to the rule, in addition to that part cited above, provide that the issuing authority should make a "searching inquiry" into the voluntariness of the plea. Furthermore, a colloquy, similar to that suggested in Rule 319, should be conducted in which, at a minimum, certain information should be elicited. The comment further provides that, before the issuing authority accepts the plea, he shall advise the defendant of the right to counsel. Moreover, the authority shall advise the defendant, at the time the plea is taken, that any attempt to change the plea to not guilty must be made before the issuing authority within ten days of the imposition of sentence. Finally, the comment provides that the rule continues to require a written plea incorporating the contents specified in paragraph (c); paragraph (c) does not preclude verbatim transcription of the colloquy and plea.

This Court is permitted to affirm the actions of the trial court for reasons, supported in the record, that differ from those proffered by the trial court which originally heard the matter. *Soloski v. Hetrick*, 396 Pa.Super. 140, 578 A.2d 445 (1990). Included in the record on appeal is a

document entitled "Pleas of Guilty Before Issuing Authority in Summary and Court Cases." This document, signed by Appellant, his attorney, and the issuing authority, fully complies with Rule 149, *supra*. Moreover, near the bottom of the document, paragraph (d) of the rule is reprinted. Thus, the document clearly advised that Appellant had ten days following sentence to notify the issuing authority, in writing, that he wished to change his plea. Had he done so, Appellant would have been able to change his plea and go to trial as a matter of right; he need not have asserted any basis to "withdraw" the plea.

■ No transcript of the plea colloquy exists. While the comments to the rule say that a transcription of the colloquy and plea is not precluded by the rule, it does not state that such transcription is required. While the several letters written by Appellant to this Court following the entry of his plea tend to indicate the contrary, given the signed plea present in the record, and the inquiry which must be made of Appellant before such a plea is accepted, we must presume that Appellant had knowledge of his rights should he be dissatisfied with his plea. Because Appellant did not notify the issuing authority within ten days after the imposition of his sentence of his desire to change his plea, we cannot now find that the trial court erred in denying his untimely motion to withdraw his plea of *nolo contendere nunc pro tunc.*

Order affirmed.