J-S44013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MANUEL GOMEZ, | |
| Appellee | No. 1737 WDA 2013 |

Appeal from the Order Entered September 9, 2013
In the Court of Common Pleas of Washington County
Criminal Division at No(s):
CC. MD-804-2013
MDJ NO. MJ-27101-CR-390-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 22, 2014**

The Commonwealth, as the appellant, appeals from the September 9, 2013 order, issued by the Magisterial District Court, dismissing the charges filed against Manuel Gomez, including a charge of driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(B).  For the following reasons, we conclude that we do not have jurisdiction over this case, and we transfer this matter to the Court of Common Pleas of Washington County.

Gomez was arrested on June 5, 2013, for various summary offenses, as well as for DUI.  He was released from custody and a criminal complaint charging Gomez with the above-stated offenses was filed on July 12, 2013. On September 9, 2013, a preliminary hearing was conducted before a Magisterial District Judge (MDJ).  At the close of that proceeding, Appellant

moved for the dismissal of the charges due to the Commonwealth's violation of Pa.R.Crim.P. 519(B)(2), which requires that a criminal complaint be filed within five days of a defendant's release from custody.[1] The MDJ granted that motion and dismissed the charges against Appellant.

On October 9, 2013, the Commonwealth filed a timely notice of appeal with this Court, presenting one issue for our review:

_____

[1] Rule 519(B) reads, in its entirety:

**(B) Release**

(1) The arresting officer shall promptly release from custody a defendant who has been arrested without a warrant, rather than taking the defendant before the issuing authority, when the following conditions have been met:

(a) the most serious offense charged is a misdemeanor of the second degree or a misdemeanor of the first degree in cases arising under 75 Pa.C.S. § 3802;

(b) the defendant poses no threat of immediate physical harm to any other person or to himself or herself; and

(c) the arresting officer has reasonable grounds to believe that the defendant will appear as required.

(2) When a defendant is released pursuant to paragraph (B)(1), a complaint shall be filed against the defendant within 5 days of the defendant's release. Thereafter, the issuing authority shall issue a summons, not a warrant of arrest, and shall proceed as provided in Rule 510.

Pa.R.Crim.P. 519(B).

> 1. Did the Lower Court err in dismissing the charges against [Gomez] for a violation of Pennsylvania Rule of Criminal Procedure 519?

Commonwealth's Brief at 7.

Initially, we must examine whether we have jurisdiction over this case, as the Commonwealth is attempting to appeal from an order entered by the MDJ, rather than the Court of Common Pleas of Washington County. *See **Commonwealth v. Berardi***, 524 A.2d 1365, 1366 (Pa. Super. 1987) (stating that even where parties do not challenge our jurisdiction, "it is incumbent upon the Superior Court to raise jurisdictional questions *sua sponte*") (citation omitted). In ***Commonwealth v. Garcia***, 43 A.3d 470 (Pa. 2012), our Supreme Court held that this Court *only* has jurisdiction over appeals from final orders entered by the court of common pleas. ***Id.*** at 477-78.[2] However, the ***Garcia*** Court acknowledged that "in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction" in several other situations, including "interlocutory appeals that may be taken as of right" under Pa.R.A.P. 311. ***Id.*** at 478 n.7. Pertinent to the instant case, Rule 311(d) states: "In a

_____

[2] ***See also*** 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court."); ***Commonwealth v. Waller***, 682 A.2d 1292, 1294 (Pa. Super. 1996) ("It is beyond question that the Commonwealth may only appeal from a final order issued by the trial court.") (citing Pa.R.A.P. 341).

criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution."

Therefore, in this case, if the MDJ's order dismissing the charges against Gomez constitutes a final order, we do not have jurisdiction over this case; however, if it is an interlocutory order to which Rule 311(d) applies, we do have jurisdiction. In the Commonwealth's notice of appeal, it initially suggests that this is an interlocutory order, stating that the MDJ's order "will terminate or substantially handicap the prosecution…." Notice of Appeal, 10/9/13. However, in the next breath, the Commonwealth states, "the order that is the subject of this appeal is a final order per ***Commonwealth v. Douglass***, 372 Pa. Super. 227, 539 A.2d 412 (1988)." ***Id.***

We agree with the Commonwealth's latter statement. In ***Douglass***, the Commonwealth appealed from an order (entered by the court of common pleas) dismissing the criminal complaint against Douglass on the basis of a violation of Pa.R.Crim.P. 130(d), which was the predecessor to Rule 519(B)(2). This Court concluded that because the Commonwealth could not correct the untimeliness of the complaint and refile the charges against Douglass, the order was final for appeal purposes. ***Id.*** at 414. ***See also Commonwealth v. La Belle***, 612 A.2d 418, 420 (Pa. 1992) (concluding that an order dismissing charges for violation of Rule 130(d) was final, as the defect in the complaint was incurable).

Based on **Douglass** and **La Belle**, it is apparent that the MDJ's order dismissing the charges against Gomez is a final order. Consequently, under **Garcia**, we do not have jurisdiction to review this case; instead, the Court of Common Pleas of Washington County has jurisdiction over this matter. **See** 42 Pa.C.S. § 932 ("Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have exclusive jurisdiction of appeals from final orders of the minor judiciary established within the judicial district."). Accordingly, rather than quashing this appeal, we transfer the case to the Court of Common Pleas of Washington County. **See** Pa.R.A.P. 751(a) ("If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.").

Case transferred to Court of Common Pleas of Washington County.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2014