J. S55024/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
:
:
             v.            :
:
THOMAS W. OLICK          :
:
         Appellant       :     No. 367 EDA 2016

Appeal from the Order January 22, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-SA-0000311-2015

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:          **FILED AUGUST 04, 2016**

Appellant, Thomas W. Olick, appeals *pro se* from the Order entered in the Northampton County Court of Common Pleas on January 22, 2016, denying his "Motion in Opposition to the Piling on of Fees." We quash.

On November 5, 2015, Magisterial District Judge Grifo convicted Appellant of one count of Harassment[1] and sentenced Appellant to pay $354 in costs and fines. On November 12, 2015, Appellant filed, in the Court of Common Pleas of Northampton County, a Notice of Appeal from Summary Criminal Conviction and a Petition to Proceed *In Forma Pauperis*. The trial court granted Appellant's *In Forma Pauperis* Petition that day.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. 2709(a)(1).

On December 30, 2015, the trial court entered an order indicating that it received a Notice of Withdrawal of Appeal,[2] and ordering that the appeal is withdrawn. On January 4, 2016, the trial court entered another order reiterating that the Appellant had withdrawn the appeal and that the sentence issued by the Magisterial District Judge remains in full force and effect.

On January 5, 2016, notwithstanding that Appellant had withdrawn his appeal to the Court of Common Pleas, he filed a "Motion and Brief in Opposition to the Piling on of Fees." The trial court held a hearing on Appellant's Motion on January 15, 2016, and on January 22, 2016, it denied Appellant's Motion. In its January 22, 2016 Order, the trial court stated that, "[Appellant] is required to pay the amount of $384.00[3] as a result of his summary conviction [ ], and the subsequent appeal and withdrawal of the summary appeal [ ]. [Appellant] shall comply with the payment agreement, requiring payments of $25.00 per month, which [Appellant] executed on December 28, 2015." Trial Ct. Order, 1/22/16. This appeal followed.

---

[2] Appellant's Notice of Withdrawal of Appeal does not appear on the trial court docket.

[3] This amount is $30 more than Appellant's Judgment of Sentence. The Commonwealth explained that there is a "$30 difference between the magistrate fees and the actual costs [the Court of Common Pleas] assessed[,] . . . even though [Appellant withdrew] the appeal." N.T., 1/15/16, at 5-7.

As a prefatory matter, we consider whether we have jurisdiction over this appeal, and conclude we do not. Appellant filed his "Motion and Brief in Opposition to the Piling on of Fees" after he withdrew his appeal to the Court of Common Pleas. By withdrawing his appeal, Appellant divested the Court of Common Pleas of jurisdiction to adjudicate matters arising from his summary conviction, including the financial aspect of his Judgment of Sentence. Accordingly, the trial court was without the authority to consider Appellant's Motion, and the order entered on January 22, 2016, is a nullity. *See Bancorp Group, Inc. v. Pirgos, Inc.*, 744 A.2d 791, 792 (Pa. Super. 2000) (stating action taken by a court without jurisdiction is a nullity).

Because the Court of Common Pleas lacked the authority to enter the January 22, 2016 Order, rendering it a legal nullity, there is no order on the docket from which Appellant could appeal to this Court. *See Commonwealth v. Garcia*, 43 A.3d 470, 478 (Pa. 2012); 42 Pa.C.S. § 742. We, therefore, quash this appeal. *See Garcia*, 43 A.3d at 478.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2016

- 3 -