J-S45038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BARBARA J. SAVASTA, AN ADULT INDIVIDUAL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZANE R. PROCTOR, | |
| Appellant | No. 1978 WDA 2015 |

Appeal from the Order of November 16, 2015
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 5516 of 2014

BEFORE:  OLSON, DUBOW AND PLATT,* JJ.

DISSENTING MEMORANDUM BY OLSON, J.:　　**FILED AUGUST 17, 2016**

Respectfully, I believe that the current appeal is interlocutory and unappealable.  As such, I believe that we must quash the current appeal.  I must therefore dissent.

As the learned Majority notes, on November 5, 2014, Barbara J. Savasta (hereinafter "Ms. Savasta") filed a complaint against her brother, Appellant Zane R. Proctor.  Within the complaint, Ms. Savasta averred that she and Appellant reside in New Stanton, Pennsylvania, and that they both own land in the "Proctor-Lazar Subdivision Plan of Lots."  Ms. Savasta's Complaint, 11/5/14, at ¶¶ 3-6.  Specifically, Ms. Savasta averred that she owns parcels "B" and "E" in the subdivision and that Appellant owns parcels "A" and "F."  *Id.*

---

*Retired Senior Judge assigned to the Superior Court.

As Ms. Savasta averred: "[t]he [] sub-division plan clearly sets forth a 15 foot existing right-of-way extending from Hautintaught Road . . . extending through the various parcels of land in the said sub-division through parcel F[,] which is the property of [Appellant,] and extending to and into parcel E[,] which is the property of [Ms. Savasta]." *Id.* at ¶ 7 (some internal capitalization omitted). Ms. Savasta averred that the "right-of-way has been in continuous use by [Ms. Savasta] as the sole means of access to her property since she acquired ownership of the said parcel on October 17, 2006." *Id.* (some internal capitalization omitted).

According to the complaint:

> On and after August 8, 2014[,] when [Appellant] acquired ownership to parcels A and F in said Plan[,] he has undertaken to deprive [Ms. Savasta] of a means of access to her property and dwelling house located on parcel B in said Plan and has attempted to block access of [Ms. Savasta] to her property by obstructing and damaging the existing right-of-way piling various materials and construction debris upon the area of the right-of-way, disrupting the existing gravel roadway[,] and interfering with [Ms. Savasta's] general right of access to her property by means of the designated right-of-way as was clearly set forth in the sub-division Plan.
>
> . . .
>
> [Ms. Savasta] has further hired contractors to pave and improve portions of the [] right-of-way and [Appellant] did interfere with those contractors . . . and did, in fact, damage various improvements and paving materials which were installed by contractors hired by [Ms. Savasta].

*Id.* at ¶¶ 8 and 11 (some internal capitalization omitted).

- 2 -

As a result, Ms. Savasta demanded that the trial court: 1) grant Ms. Savasta a preliminary injunction "directing [Appellant] to cease and desist all activities which would obstruct [Ms. Savasta's] access to her property by means of the designated right-of-way" 2) grant Ms. Savasta a permanent injunction "directing [Appellant] to cease and desist all activities which he has engaged in for the purpose of obstructing and preventing [Ms. Savasta] access to the [] right-of-way;" 3) award Ms. Savasta monetary damages for the harm and disruption to the right-of-way and "for damage and destruction to contracted improvements made by [Ms. Savasta] to the right-of-way;" and, 4) award Ms. Savasta punitive damages for Appellant's "deliberate violation of [Ms. Savasta's] rights" to the right-of-way. *Id.* at ¶ 15.

On November 5, 2014, the trial court entered an order granting Ms. Savasta a preliminary injunction. The order declared:

> a preliminary injunction is issued forthwith directing [Appellant] to immediately cease and desist from all activities which would obstruct [Ms. Savasta's] access to her property by means of the designated right-of-way as set forth on the Proctor-Lazar Plan of Lots and [Appellant] is further directed to immediately remove all obstructions and debris which he has placed within and on the right-of-way in question so as to restore [Ms. Savasta] a proper means of access to her residence property.

Trial Court Order, 11/5/14, at 1.

Further, within the trial court's November 5, 2014 order, the trial court scheduled an evidentiary hearing on Ms. Savasta's request for a permanent

injunction for November 10, 2014. *Id.* Appellant did not file a notice of appeal from the November 5, 2014 order.

On November 10, 2014 and July 29, 2015, the trial court held an evidentiary hearing on Ms. Savasta's request for a permanent injunction. During (what was in essence) the two-day evidentiary hearing, the trial court heard testimony from Ms. Savasta, Appellant, and two other people.

On November 16, 2015, the trial court issued an order granting Ms. Savasta a permanent injunction. The order stated: "[t]he Preliminary Injunction issued by [the trial court] on November 5, 2014 shall hereby be made permanent." Trial Court Opinion and Order, 11/16/15, at 9. On December 7, 2015, Appellant filed a notice of appeal from this order. I believe we must quash this appeal.[1]

"The general rule is that, unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." *Commonwealth v. Sartin*, 708 A.2d 121, 122 (Pa. Super. 1998). In relevant part, Pennsylvania Rule of Appellate Procedure defines a "final order" as any order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).[2]

_____

[1] Before we may reach the merits of Appellants' claims, we must first determine whether we have jurisdiction over this appeal. Further, although neither party raised the issue of jurisdiction, "we may nevertheless raise the issue [] *sua sponte*." *Commonwealth v. Blystone*, 119 A.3d 306, 311 (Pa. 2015) (footnote and citation omitted).

[2] Rule 341 also defines a "final order" as any order that "is expressly defined as a final order by statute" or "is entered as a final order pursuant to
*(Footnote Continued Next Page)*

In this case, the trial court's November 16, 2015 order is not final, as the order did not dispose of Ms. Savasta's monetary claims. Thus, the current order constitutes a non-final, interlocutory order.

Interlocutory orders are appealable in certain circumstances. Our Supreme Court has explained:

> in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

**Commonwealth v. Garcia**, 43 A.3d 470, 478 n.7 (Pa. 2012) (internal quotations omitted), *quoting* **McCutcheon v. Phila. Elec. Co.**, 788 A.2d 345, 349 n.6 (Pa. 2002).

Appellant did not ask for or receive permission to appeal the November 16, 2015 order (*per* Pa.R.A.P. 312) and the order is not appealable under the collateral order doctrine (*per* Pa.R.A.P. 313). Thus, the question before this Court is whether the order in this case is appealable as of right under Rule 311. **See** Pa.R.A.P. 311.

*(Footnote Continued)* ―――――――――――――

[Pa.R.A.P. 341(c)]." Pa.R.A.P. 341(b)(2) and (3). However, these two categories are not applicable to the current appeal.

Rule 311, which is entitled "Interlocutory Appeals as of Right," states, in relevant part:

> **(a) General Rule.**--An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) [(regarding a "determination of finality")] from:
>
> . . .
>
> (4) *Injunctions.*--An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:
>
> . . .
>
> (ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

Pa.R.A.P. 311(a)(4).

In the case at bar, the trial court granted Ms. Savasta a permanent injunction on November 16, 2015 after a trial (it was a two-day evidentiary hearing) and Appellant filed his notice of appeal "before entry of the final order." ***Id.*** Further, the trial court's November 16, 2015 order did not alter the *status quo*, as the contours of the permanent injunction are identical to those that had existed since November 5, 2014, when the trial court entered its order granting Ms. Savasta a preliminary injunction. ***See*** Trial Court Opinion and Order, 11/16/15, at 9 ("[t]he Preliminary Injunction issued by [the trial court] on November 5, 2014 shall hereby be made permanent").

Specifically, the November 16, 2015 order did not enjoin conduct previously permitted or mandated, as the trial court's November 5, 2015 order (which was in effect at the time of the November 16 order) already enjoined Appellant from obstructing Ms. Savasta's access to her property. The November 16, 2015 order merely continued this ruling on a permanent basis. As such, under the plain terms of Rule 311(a)(4), the trial court's decision does not constitute an interlocutory order that is appealable as of right.

We do not have jurisdiction over this appeal. As such, I believe we must quash the appeal.