J-S27008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE BOSEMAN | : | |
| | : | |
| Appellant | : | No. 1983 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 13, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004297-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE BOSEMAN | : | |
| | : | |
| Appellant | : | No. 2069 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 13, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004296-2018

BEFORE:    SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 19, 2020**

Appellant, Terrance Boseman, appeals from the judgments of sentence

entered on February 13, 2019, at trial court docket numbers CP-09-CR-

_____

[*] Former Justice specially assigned to the Superior Court.

0004296-2018 ("4296-2018") and CP-09-CR-0004297-2018 ("4297-2018"), in the Bucks County Court of Common Pleas.[1, 2] Appellant's counsel has filed a petition seeking to withdraw his representation and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. After review, we grant counsel's petition to withdraw and affirm the judgments of sentence.

The record reflects that on February 13, 2019, Appellant entered a guilty plea at 4296-2018 and a plea of *nolo contendere* at 4297-2018.[3] At 4296-2018, Appellant pled guilty to possession with intent to deliver a controlled substance ("PWID"), criminal use of a communication facility, possession of a

---

[1] In his notices of appeal at both 4296-2018 and 4297-2018, Appellant purports to appeal from the June 12, 2019 order denying his post-sentence motions to withdraw his pleas. However, it is well settled that an appeal lies instead from the judgment of sentence. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 158 n.1 (Pa. Super. 2007) (stating that an appeal from an order denying a post-sentence motion is procedurally improper because a direct appeal in a criminal proceeding lies from the judgment of sentence). We have corrected the appeal paragraphs accordingly and refer to the February 13, 2019 judgment of sentence as the appealable order in this Memorandum.

[2] On September 9, 2019, this Court granted Appellant's motion to consolidate the appeals.

[3] We point out that for purposes of appellate review, this Court treats a plea of *nolo contendere* the same as a guilty plea. *Commonwealth v. Jannetta*, 605 A.2d 386, 388 (Pa. Super. 1992).

controlled substance, and possession of drug paraphernalia.[4]  N.T., 2/13/19, at 3-11, 28.  At 4297-2018, Appellant pled *nolo contendere* to three counts of receiving stolen property ("RSP") and two counts of possession of a firearm prohibited.[5]  ***Id.*** at 12-15, 28.

That same day, the trial court sentenced Appellant at 4296-2018 to a negotiated term of two to four years of incarceration in a state correctional institution for PWID, and imposed no further penalty on the remaining charges.  N.T., 2/13/19, at 35-36.  At 4297-2019, the trial court sentenced Appellant pursuant to the terms of a plea agreement to concurrent terms of five to ten years of incarceration on two counts of RSP, and it imposed no further penalty on the remaining counts.  ***Id.*** at 36-37.  This resulted in an aggregate term of five to ten years at 4297-2018.  ***Id.*** at 37.  Additionally, the trial court ordered the sentences at 4296-2018 and 4297-2018 to be served concurrently.  ***Id.***

On February 22, 2019, Appellant filed a post-sentence motion to withdraw his pleas at both dockets.  The trial court held a hearing on June 12, 2019, and it denied Appellant's motions.  N.T., 6/12/19, at 21.  On June 14, 2019, Appellant's plea counsel filed petitions for appointment of conflict counsel at both 4296-2018 and 4297-2018.  On June 19, 2019, the trial court

---

[4] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 7512, 35 P.S. § 780-113(a)(16), and 35 P.S. § 780-113(a)(32), respectively.

[5] 18 Pa.C.S. § 3925(a) and 18 Pa.C.S § 6105(a), respectively.

appointed current counsel, Stuart Wilder, Esquire, to represent Appellant in his appeals. On July 11, 2019, Appellant filed timely separate notices of appeal at 4296-2018 and 4297-2018.

At both 4296-2018 and 4297-2018, Appellant's counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4), indicating his intent to seek permission to withdraw pursuant to **Anders**.[6] On August 14, 2019, the trial court filed an opinion at each trial court docket number.

Before we address Appellant's appeal, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon counsel who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id.** (internal citation omitted).

Herein, counsel has satisfied those directives. Counsel averred that he conducted a conscientious review of the record and concluded that the present

---

[6] Appellant filed his Pa.R.A.P. 1925(c)(4) statement in 4296-2018 on August 8, 2019, and he filed his Pa.R.A.P. 1925(c)(4) statement in 4297-2018 on August 9, 2019.

appeal is wholly frivolous. Application to Withdraw, 9/30/19, at ¶¶ 2-3. Counsel asserts that he sent Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition. *Id.* at ¶ 5; Letter, 9/27/19. In the letter, counsel advised Appellant that he could represent himself or retain private counsel to represent him. Letter, 9/27/19.

We next examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We conclude that counsel's brief is compliant with *Santiago*. It sets forth the procedural history, outlines pertinent case authority, cites to the record, and refers to an issue of arguable merit. *Anders* Brief at 2-15. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. *Id.* at 10-13. Because we find counsel met the technical requirements of *Anders* and *Santiago*, we proceed with our review.

In the **Anders** brief, counsel avers that the trial court abused its discretion or committed an error of law in denying Appellant's petition to withdraw his pleas. **Anders** Brief at 3, 13. It is well settled that upon entry of a guilty plea, an appellant waives all defects and defenses except: (1) the lack of jurisdiction; (2) the validity of the plea; and (3) the legality of the sentence. **Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007).

> [A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

**Commonwealth v. Lincoln**, 72 A.3d 606, 610 (Pa. Super. 2013) (citations and quotation marks omitted).

"There is no absolute right to withdraw a guilty plea." **Commonwealth v. Broaden**, 980 A.2d 124, 128 (Pa. Super. 2009) (citations omitted). In order to withdraw a guilty plea following the imposition of sentence, "a defendant must demonstrate that manifest injustice would result." **Id**. at 129. "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." **Id**.

In considering the validity of a guilty plea colloquy, "[t]he Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea." **Commonwealth v. Prendes**, 97 A.3d 337, 352 (Pa. Super. 2014) (citations

omitted).  Pursuant to Pa.R.Crim.P. 590, the trial court should inquire whether the defendant understands, among other things, "the nature of the charges to which he or she is pleading guilty[,]" and "the permissible range of sentences and/or fines" possible.  Pa.R.Crim.P. 590, cmt.  Thereafter,

> [t]he reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.  Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Prendes*, 97 A.3d at 352 (citations omitted).  Accordingly, even if there is an omission in the oral plea colloquy, "a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted).

After review, we conclude that Appellant has failed to establish prejudice on the order of manifest injustice that would allow him to withdraw his pleas. *Lincoln*, 72 A.3d at 610; *Broaden*, 980 A.2d at 128.  Our review of the certified record reflects that the trial court held a plea hearing on February 13, 2019, at which the trial court conducted a thorough colloquy prior to accepting Appellant's pleas.  N.T., 2/13/19, at 3-28.  The trial court ensured Appellant understood all of the rights he was surrendering, the nature of the charges against him, the permissible range of sentences, and limitations on an appeal.

*Id.* We conclude that the requirements of Pa.R.Crim.P. 590 were satisfied. Accordingly, any claim that Appellant's guilty plea was not tendered knowingly, intelligently, and voluntarily lacks merit.

Additionally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1198-1199 (Pa. Super. 2018) (*en banc*). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm Appellant's judgments of sentence.

Petition to withdraw as counsel granted. Judgments of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/19/2020*